**IN THE DISTRICT COURT AND FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CASE NO.**

**MICHAEL SMITH,**

    **Plaintiff,**

    v.

**NATIONAL CREDIT ADJUSTERS,**

    **Defendant**

_____

# COMPLAINT

MICHAEL SMITH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL CREDIT ADJUSTERS.

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA")

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. States See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Navarre, Florida 32566.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with a mailing address located at 327 West, 4th Street, P.O. Box 3023, Hutchinson, Kansas 67504.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times herein, Defendant was attempting to collect an alleged debt and contacted Plaintiff in its attempts to collect that debt.

12. The debt at issue, a HSBC credit card account, arose out of transaction primarily for personal, family, or household purposes.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him could have only arisen from financial obligations for primarily personal, family, or household purposes.

14. Beginning in or around early June 2015, Defendant began calling Plaintiff repeatedly and continuously on his cellular telephone.

15. Defendant's calls originated from the numbers including, but not limited to: (850) 387-030. The undersigned has confirmed that this number belongs to Defendant.

16. At all times Plaintiff disputed owing the amount that Defendant was seeking to collect, in part because he believed the amount sought was far in excess of anything that was owed or could be owed.

17. Plaintiff told Defendant's collector that he refused to pay the inflated amount, directed that further communication be in writing only and for Defendant to stop calling.

18. Despite Plaintiff's directive, Defendant continued to call.

19. Once Defendant was aware that its calls were unwanted, the continued calls could have served no purpose other than to harass Plaintiff.

20. Plaintiff received on average three (3) calls each day.

21. On June 10, 2015, Defendant also called Plaintiff at 9:30 p.m.

22. During the collection call on June 10th 2015, at 9:30 p.m., one of Defendant's collectors threatened to pursue legal action against Plaintiff if the account remained unpaid.

23. Upon information and belief, Defendant had no intention of pursuing legal action and fabricated the threat in hopes of coercing payment from Plaintiff.

24. Defendant's actions, as described herein, were taken with intent to abuse, harass, and otherwise annoy Plaintiff in connection with the collection of a debt.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

25. A debt collector violates § 1692c(a)(1) by calling at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

26. Here, Defendant violated § 1692c(a)(1) of the FDCPA by calling Plaintiff's cellular telephone at 9:30 p.m. on June 10th 2015.

## COUNT II
## DEFENDANT VIOLATED §§ 1692d AND § 1692d(5) OF THE FDCPA

27. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff an average of three (3) times each day, even after he requested that it stop.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e and 1692e(10)Of the FDCPA

30. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

32. Here, Defendant violated §§ 1692e and 1692e(10) of the FDCPA by falsely representing the amount Plaintiff owed, and when it threatened to take legal action it had no intention of pursuing.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(2) OF THE FDCPA

33. A debt collector violates § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt.

34. Here, Defendant violated § 1692(2) of the FDCPA by implying Plaintiff owed more on the account than was actually owed.

## COUNT V
## DEFENDANT VIOLATED § 1692e(5) OF THE FDCPA

35. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

36. Here, Defendant violated § 1692e(5) when it made a fictitious threat of legal action, when it had no intention of pursuing such discourse.

## COUNT V
## DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE FDCPA

37. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

38. A debt collector violates § 1692f(1) of the FDCPA by collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

39. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by implying Plaintiff owed an amount that was not agreed upon or authorized.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL SMITH, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692K(a)(1);
   b. Statutory damages of $1,000.00 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);
   d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL SMITH, demands a jury trial in this case.

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATED:  July 10, 2015 | By:  /s/ Amy L. Bennecoff Ginsburg<br>Amy L. Bennecoff Ginsburg, Esquire<br>Kimmel & Silverman, P.C.<br>30 E. Butler Avenue<br>Ambler, PA 19002<br>Tel: (215) 540-8888<br>Fax: (877) 788-2864<br>Email: aginsburg@creditlaw.com<br>Attorney for Plaintiff |

PLAINTIFF'S COMPLAINT